IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUZETTA THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-cv-00145-TJS |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court is Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment ("Motion").[1] ECF No. 23. Having considered the submissions of the parties (ECF Nos. 23, 26 & 31), I find that a hearing is unnecessary. Loc. R. 105.6. For the following reasons, WMATA's Motion will be granted.

### I. INTRODUCTION

#### A. Factual Background

Unless otherwise noted, the following facts are not in dispute. To the extent any facts are in dispute, they will be considered in the light most favorable to Plaintiff Suzetta Thomas ("Thomas"), as the non-moving party. *Perkins v. Int'l Paper Co*., 936 F.3d 196, 205 (4th Cir. 2019).

This lawsuit arises from injuries Thomas alleges she suffered when she fell while riding on a WMATA bus in Hyattsville, Maryland. ECF No. 4. On July 2, 2022, Thomas boarded the bus

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 16.

and paid the fare. ECF No. 23-2. Thomas was not infirm or disabled when she boarded the bus. *Id*. As the bus driver drove away from the bus stop and into traffic, Thomas began walking down the bus aisle with a bag in each hand. ECF No. 23-4. Thomas was not holding any of the bus poles as she walked down the aisle toward a seat. *Id*. As Thomas walked down the aisle, the bus driver applied the brakes in response to a turning vehicle in front. *Id*. Thomas fell backwards and hit the bus floor. *Id.*

The parties disagree as to how Thomas's fall occurred. Thomas claims the bus driver applied the brakes suddenly, jerking the bus and causing Thomas to fall to the floor. ECF No. 26-1. WMATA contends the bus driver appropriately slowed the bus without causing any abnormal or extraordinary movements. ECF No. 23-1. WMATA argues Thomas lost her balance and fell because she failed to hold onto any of the poles as she walked in the aisle of the moving bus. *Id.*

### B.  Procedural History

Thomas filed this negligence action on December 10, 2024, in the Circuit Court for Prince George's County, Maryland, against WMATA for injuries sustained as a result of her fall. ECF No. 4. On January 15, 2025, WMATA removed the case to this Court. ECF No. 1. Following the close of discovery, WMATA filed its Motion for Summary Judgment. ECF No. 23.

### C.  Choice of Law

Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws)." Md. Code, Transp. § 10-204(80). Maryland adheres to the principle of *lex loci delicti* to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Here, because the event

took place in Maryland, the law of Maryland governs Thomas's negligence claim against WMATA.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III.    DISCUSSION

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the

3

loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted).

"A common carrier owes its passengers the highest degree of care to provide safe means and methods of transportation for them," while "deliver[ing] them to their destination as expeditiously as possible, consistent with safety." *Todd v. Mass Transit Admin.*, 373 Md. 149, 156-57 (2003). A common carrier is not, however, "an insurer of safety to its passengers." *Id.* at 156. It is well established in Maryland that once both feet of a passenger are level on the floor, and so long as the passenger has no obvious infirmity, a common carrier driver may move the vehicle even if the passenger is not yet seated. *See Washington Metro. Area Transit Auth. v. Djan*, 187 Md. App. 487, 492 (2009). Once on board, it becomes the duty of the passenger "to use reasonable care to protect himself against the normal motions of the vehicles incident to public transportation." *Mass Transit Admin. v. Miller*, 271 Md. 256, 260 (1974) (citing *Retkowsky v. Baltimore Transit Co.*, 222 Md. 433, 437 (1960)).

Under Maryland law, a negligence action based on the alleged sudden start or stop of a common carrier requires the plaintiff to produce evidence of a "definite, factual incident" that is so abnormal, unusual, or extraordinary "that it can be legally found to have constituted negligence in operation." *Retkowsky*, 222 Md. at 438 (quoting *Johnston v. Greyhound Corp.*, 139 F. Supp. 551, 555 (1956)). A plaintiff passenger generally cannot prove negligence by relying on mere "adjectival descriptions of the nature of the sudden start or stop." *Id.*

Maryland courts have found such a "definite, factual incident" in the following scenarios:

(1) "rocking, swaying, or jiggling of the streetcar that threw the other passengers back and forth"; (2) "[the plaintiff fell] flat on her back from a standing position, with such force that the driver said he heard her hit the floor"; and (3) "such a violent jerk that it caused the passengers to scream."

*Butts v. Wash. Metro. Area Transit Auth.*, No. GLS-17-855, 2018 U.S. Dist. LEXIS 165263, at *10 (D. Md. Sept. 26, 2018) (quoting *Djan*, 187 Md. App. at 494). In these cases, the plaintiff's version of events was corroborated by other witness testimony. *Id.* Additionally, courts have considered whether the vehicle was damaged, and the movement of or damage to passenger baggage in the vehicle when determining whether an incident was abnormal or extraordinary. *Retkowsky*, 222 Md. at 438. When a plaintiff fails to show his injury was caused by a common carrier's abnormal or extraordinary movement, summary judgment may be properly granted in favor of the defendant. *Butts*, 2018 U.S. Dist. LEXIS 165263, at *6.

In this case, WMATA claims summary judgment is appropriate because Thomas has not produced evidence beyond a mere adjectival description that the bus's movement was abnormal or extraordinary, therefore failing to meet the burden of proof required for her negligence claim. ECF No. 23-1. Thomas argues summary judgment should be denied because the following evidence could lead a reasonable jury to conclude the bus's movement was unusual and extraordinary: 1) the visible swaying of a seated passenger, 2) the video of Thomas's fall, and 3) the testimony of the bus driver and Thomas. ECF No. 26-1.

In support of its Motion, WMATA relies on a certified video recording that captures the incident in real time. ECF Nos. 23-4 & 23-5. When there is videographic evidence that the parties agree has not been altered, "the court should view that evidence to ensure the facts as alleged by the nonmoving are not inconsistent with the 'facts' captured by an unaltered video." *Lopez v. Wash. Metro. Area Transit Auth.*, No. WGC-15-4008, 2016 U.S. Dist. LEXIS 163982, at *12, *16 (D. Md. Nov. 29, 2016) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)). In doing so, the court "may view the facts in the light depicted by the Drive-Cam recording." *Id.*

5

WMATA's video features nine different camera views of the interior and exterior of the bus. ECF No. 23-4. It shows Thomas boarding the stopped bus with a bag in each hand and putting down one bag to pay the bus fare. *Id.* After doing so, the bus begins to move. *Id.* Thomas then picks up the bag and begins walking down the bus aisle. *Id.* She carries a bag in each hand and does not hold onto any of the bus poles for support. *Id.* As she arrives to the set of bus seats, Thomas loses her balance, takes a step backwards, trips over another passenger's bag and falls to the floor. *Id.* The video provides no evidence that the bus driver made any abnormal or extraordinary movement. *Id.* To the contrary, when Thomas fell, the bus appears to be traveling in its own lane of traffic and at a reasonable distance from the vehicle in front of it, which was preparing to turn right. *Id.* The driver also testified that the bus was traveling at a slow speed when he applied the brakes. ECF No. 27. At no time did the bus collide with or scrape against another object or vehicle. ECF No. 23-4.

Thomas claims the swaying of a different passenger supports her claim that the driver abruptly applied the brakes, causing a jerking motion beyond the ordinary movement of a bus. ECF No. 26-1. While it is true that one passenger appears to have swayed simultaneously with Thomas's fall, there were eight other seated passengers who remained undisturbed and made little to no visible movements. ECF No. 23-4. There is also no evidence that the other passengers were injured or otherwise affected by the bus's movement. *See Sunthimer v. Baltimore Transit Co.*, 217 Md. 52, 52 (1958) (affirming the trial court's directed verdict in favor of the defendant because although there were several other passengers on the bus, there was no evidence they were affected by or even noticed the alleged abnormal movement). The swaying from side to side of a bus passenger is an ordinary movement incident to public transportation and is unlike the throwing of passengers and shaking of a streetcar which may be considered abnormal or extraordinary. *Butts*,

2018 U.S. Dist. LEXIS 165263, at *10. Thus, the mere swaying of one additional passenger is insufficient to establish an abnormal or extraordinary movement.

Moreover, when Thomas fell there were at least four bags on the bus floor and one seated next to a passenger. ECF No. 23-4. All but one of these bags remained undisturbed and in place. *Id.* In fact, the only bag that was affected was the bag that Thomas tripped over before falling. *Id.* In the light most favorable to Thomas, this evidence does not support her claim that there was an abnormal and extraordinary movement causing her to fall.

Thomas also argues the video of her falling flat on her back and the bus driver's testimony that he heard the fall demonstrates the abnormality of the bus's movement. ECF No. 26-1. This claim is not supported by the video. The video clearly shows Thomas walking on a moving bus, losing her balance, taking one step backward, tripping over a different passenger's bag located on the aisle floor, then falling backwards onto the floor. ECF No. 23-4. This is unlike *Baltimore Transit Co. v. Pue,* the case cited in *Djan* and referenced in Thomas's opposition, where a standing passenger fell "right straight back" when the bus driver brought a bus traveling at 25 miles per hour to a complete stop within a distance of only half the length of the bus. 243 Md. 256, 261-62 (1966). Thomas's fall and the noise heard by the bus driver do not establish evidence of an abnormal or extraordinary movement. However, even if it did, a "scintilla of evidence" supporting Thomas's claim is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248. No reasonable jury could find in her favor based on this evidence.

While Thomas refers to her own testimony and that of the bus driver to support her claim that the bus's movement was unusual and extraordinary, she fails to cite any deposition testimony, affidavit, or otherwise describe what her testimony is. ECF No. 26-1. In the bus driver's deposition, he stated that while the bus was slowly moving, he made a "hard press" or "sudden press" on the

brakes "to avoid an accident." ECF No. 26-1. Such adjectival descriptions of what occurred are insufficient to establish that the movement was abnormal or extraordinary, beyond ordinary movements incident to public transportation. Furthermore, "a reasonable juror could only conclude that the WMATA driver acted as a reasonably prudent person in suddenly stopping" to avoid a collision. *Bailey v. Wash. Metro. Area Transit. Auth.*, No. AW-10-3995, 2011 U.S. Dist. LEXIS 120047, at *7 (D. Md. Oct. 14, 2011) (granting summary judgment where a bus abruptly stopped to avoid a collision).

The facts viewed in the light most favorable to Thomas do not present a definite, factual incident of an abnormal, unusual, or extraordinary movement causing Thomas to fall. Based on the record before the Court, a reasonable jury could not render a verdict in favor of Thomas. WMATA is entitled to summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, WMATA's motion for summary judgment (ECF No. 23) is **GRANTED**. An accompanying Order follows.

September 29, 2025                                                    /s/
Date                                                                  Timothy J. Sullivan
                                                                      Chief United States Magistrate Judge